Dear Honorable Nelson,
The Attorney General has received your request for an official opinion asking, in effect:
 Is a newspaper which runs "Football Sweepstakes" or "Social Security Sweepstakes" in violation of 21 0.S. 1051 et seq. (1981), which prohibit lotteries?
In Oklahoma, three elements are necessary for a scheme to constitute a lottery, those being chance, prize, and consideration. Cf., 21 O.S. 1051
(1981) and Draper v. Lynch, 137 P.2d 949 (Okla. 1943).
Football sweepstakes, as generally run by newspapers, require that a person pick the winners in a number of football games on a weekly basis, with the person picking the most winners being awarded a prize. Additionally, such sweepstakes do not require that a newspaper be purchased in order to enter the contest.
Similarly, in Social Security sweepstakes, a person sends his Social Security number to the newspaper, and if that person's number is drawn, he is awarded a prize. Again, as a general rule, purchase of a newspaper is not required.
In both such contests, two of the elements of a lottery are present, those two being the elements of chance and the awarding of a prize. Neither contest, however, has the third requisite of a lottery, consideration. Oklahoma's lottery statutes define consideration as ". . . money or goods of actual pecuniary value[.]" 21 O.S. 1051 (1981). A more specific definition of consideration is found in Oklahoma's Commercial Gambling Act which is also applicable, because lotteries come within the purview of that Act, 21 O.S. 981 et seq. (1981). That act defines consideration as "anything which is a commercial or financial advantage to the promoter or a disadvantage to any participant. Mere registration without purchase of goods or services; personal attendance at places or events, without payment of an admission price or a fee; listening to or watching radio and television programs; answering the telephone or making a telephone call and acts of like nature are not consideration." 21 O.S. 981(2) (1981).
Football and Social Security sweepstakes conducted in the manner described above lack such consideration; accordingly, they are not lotteries.
It is, therefore, the official opinion of the Attorney Generalthat:
 1. Newspaper football sweepstakes, in which a person picks winners on a weekly basis with the person picking the most winners receiving a prize, and which does not require the purchase of a newspaper, is not a lottery prohibited by 21 O.S. 1051 et seq. (1981), or 21 O.S. 981 et seq. (1981).
 2. Newspaper Social Security sweepstakes, in which a person sends his Social Security number to a newspaper with the person whose number is drawn winning a prize, and which does not require the purchase of a newspaper, is not a lottery prohibited by 21 O.S. 1051 et seq. (1981), or 21 O.S. 981 et seq. (1981).
 3. Whether a particular contest or sweepstakes constitutes a lottery is, of course, a question of fact, which is not addressable in an Attorney General Opinion.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
STEPHEN A. LAMIRAND, ASSISTANT ATTORNEY GENERAL